Tal C. Finney, Esq. 156296
Shaune B. Arnold, Esq. 173298
**FINNEY ARNOLD LLP**
633 W. 5th Street, 28th Floor
Los Angeles, California 90071
tfinney@falawyers.com
(310) 729-7266
sarnold@falawyers.com
(213) 718-3468
Attorneys for Centrally Grown Holdings, LLC (Debtor)



FILED
NOV - 4 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**OFF THE GRID, LLC,**<br><br>Debtor,<br><br>_____<br><br>In re<br><br>**CENTRALLY GROWN HOLDINGS, LLC<br>RED MOUNTAIN FARMS, LLC**<br>Debtors.<br><br>_____<br><br>■ Affects All Debtors<br>□ Affects Off the Grid, LLC<br>□ Affects Centrally Grown Holdings, LLC<br>□ Affects Red Mountain Farms, LLC | Case No.: 9:18-BK-11352<br>Chapter 7<br>Jointly Administered with<br>Case No.: 9:18-bk-11353 DS and<br>Case No.: 9:18-bk-11354 DS<br><br>**NOTICE OF APPLICATION AND<br>APPLICATION OF ATTORNEY FOR<br>DEBTORS FOR PAYMENT OF<br>COMPENSATION FROM ESTATE;<br>DECLARATION OF TAL C. FINNEY IN<br>SUPPORT THEREOF**<br><br>DATE:   None Required per LBR 9013-1(P)(4)<br>TIME:<br>PLACE: Courtroom 201<br>          Judge Saltzman<br>          U.S. Bankruptcy Court<br>          1415 State Street, 2nd Floor<br>          Santa Barbara, CA 93101 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES
BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,
DEBTORS IN POSSESSION AND ALL OTHER INTERESTED PARTIES:**

---

NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE

1.      Tal C. Finney ("Finney"), on behalf of Shaune B. Arnold, Esq. ("Arnold"), and FINNEY ARNOLD, LLP (the "Firm"), of which Finney, Arnold and the Firm are, collectively, the applicant"(Applicant"), as the Applicant is general counsel to each of Off the Grid, LLC ("OTG"), Centrally Grown Holdings, LLC ("CGH") and Red Mountain Farms, LLC ("RMF"), all California limited liability companies and jointly administered Debtors in Possession (each a "Debtor," and, collectively, the "Debtors"), hereby moves the Court to be paid from the proceeds of the sale of the Debtor's Estate (defined below), and to be relieved as Debtors' general bankruptcy counsel based upon the following:

2.      On February 14, 2018 RMF filed its original bankruptcy action in the within Court. On March 20, 2018 OTG filed its original Chapter 11 bankruptcy action in the within Court. On April 24, 2018 CGH filed its original Chapter 11 bankruptcy action in the within Court. Craig Margulies, Esq., of Margulies Faith LLP, acted as the respective debtor's bankruptcy counsel in each of the aforementioned bankruptcy actions. The Firm was not involved in bringing or managing any of these bankruptcy matters.

3.      At the time of the filing of the Chapter 11 petition, CGH was the 100% record owner of a commercial real property restaurant, banquet and bed and breakfast facility located at 7432 Exotic Garden Drive, Cambria, California (the "CGH Property"). The CGH Property was recently appraised for $8,000,000.

4.      At the time of the filing of the Chapter 11 petition, OTG is the 100% record owner of the real property located at 2220 Noel Way, San Simeon, California (the "OTG Property"). The OTG Property is approximately 132 acres with a remodeled 3,200 square foot, 5-bedroom, 4-bathroom estate. OTG purchased the OTG Property for $2,300,000 in 2010.

5.      At the time of the filing of the Chapter 11 petition, RMF owned an 80-acre agricultural farm land parcel including a vacation rental structure ("the RMF Property").

6.      CGH, and its CGH Property, OTG and its OTG Property, and RMF, and its RMF property, were each and all managed by Robertson. The CGH Property, the OTG Property and the RMF Property are, collectively, the Debtor's estate ("Debtor's Estate").

7.      On April 12, 2018 Robertson hired the Firm to represent him with respect to certain land use and other regulatory matters that arose regarding the operations of the OTG Property, the CGH Property and the RMF Property. The Firm was also hired to represent

Robertson and the various business entities (OTG, CGH and RMF) with respect to the structuring of certain business transactions and business relationships among and between the various entities. A true and correct copy of the first legal services agreement between the Firm and David Robertson (the "First LSA") is attached hereto as **Exhibit A** and made a part hereof.

8.      The Firm conducted certain legal services related to the land use matters, and performed certain business-related tasks, on behalf of Robertson, OTG, CGH and RMF (collectively, the "Client"). True and correct copies of billing statements demonstrating the nature and amount of tasks performed by the Firm are attached hereto as **Exhibit B** and made a part hereof.

9.      During the months of April through August 2018, Applicant performed 259.20 hours of regulatory, corporate and bankruptcy legal services on behalf of the Client. During that time the Firm charged Client $103,680 for such legal services pursuant to the First LSA and the Second LSA combined. To date, Robertson has paid only $9,150 to the Firm in partial settlement of his legal services bill, leaving a balance of legal fees owed of $95,748.64.

10.      On or about July 25, 2018 each of the Client's bankruptcy actions were dismissed by the within Court due to case compliance issues. Margulies Faith law firm declined to represent Client in refiling the bankruptcy actions.

11.      Upon the dismissal of the bankruptcy actions, Client was in danger of losing the OTG Property, the CGH Property if the renewed bankruptcy actions were not immediately filed. For this reason, under extremely exigent circumstances, on August 17, 2018, the Firm filed new Chapter 11 bankruptcy actions on behalf of each of OTG, CGH and RMF.

12.      The material change in the Firm's representation of Client necessitated a renegotiated Legal Services Agreement with Robertson. On August 1, 2018 Robertson executed with the Firm a second Legal Services Agreement ("Second LSA"). A true and correct copy of the Second LSA is attached hereto as **Exhibit C** and made a part hereof. Roberson has not paid the Firm for any portion of the legal services performed on behalf of Client under the Second LSA.

13.      As the Firm lacks expertise in Chapter 11 bankruptcy matters, the Firm immediately sought, and helped Robertson secure the assistance of, Lewis Landau Esq. ("Landau"), a skilled bankruptcy attorney, to administer the Chapter 11 bankruptcy actions.

Robertson duly hired Landau, and Landau duly managed and administered the bankruptcy actions as attorney for OTG, CGH and RMF, each as a Debtor in possession. Soon thereafter, during the month of August 2018, Robertson terminated the Second LSA, asking the Firm to take on an hourly arrangement, at $400. No new Legal Services Agreement was signed with Robertson. Finney attended all Debtor hearings to assist Robertson, CGH, OTG and RMF to administer the bankruptcy actions. However, the Firm has not billed Robertson, or the Debtor entities further for this assistance. Despite providing additional legal assistance to Roberson and the Debtors, the Firm has not billed Robertson, or the Debtors, for any legal services provided after the date that Robertson terminated the Second LSA with the Firm.

14.    OTG, CGH and RMF each managed and operated their respective real properties (through Robertson acting as Managing Member of each entity) as debtors in possession (each a "Debtor," and, collectively, the "Debtors") pursuant to 11 U.S.C. §§ 1107 and 1108.

15.    No committee of creditors holding unsecured claims was appointed in the Chapter 7, bankruptcy matters. The Firm is unaware whether a committee of creditors holding unsecured claims was appointed in the Chapter 11 matters and the Firm did not participate in any such creditors committee. The Debtors' cases are jointly administered pursuant to order entered September 11, 2018. *See* ECF # 31.

16.    A hearing was held on December 10, 2018 on an Emergency Motion to Convert Chapter 11 Cases To Chapter 7, Or Alternatively To Appoint A Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 1112(B)" (the "Motion,") with respect to the above-captioned chapter 11 cases of the Debtors. Appearances were noted on the record.

17.    The court having considered the Motion, the record in these cases, the arguments made, and evidence presented at the hearing, and for the reasons stated on the record at the hearing, the Motion was granted, and each of the Chapter 11 cases of the Debtors were converted to Chapter 7 matters. Specifically, on December 10, 2018 the within Court filed and entered an Order converting the Chapter 11 petition of Red Mountain Farms, LLC to a chapter 7 petition. On December 11, 2018 the within Court filed an entered an Order converting the related chapter 11 petitions of Off the Grid LLC and Centrally Grown Holdings LLC to chapter 7 petitions. True and correct copies of the conversion orders are attached hereto as **Exhibit D** and made a part hereof.

18.      On, or about, December 6, 2018 Landau filed a Motion for Order Relieving Counsel with the within Court.  Importantly, the Firm lacks the expertise in bankruptcy law necessary to administer the pending Chapter 7 petitions for the Debtors. This challenge is exacerbated by the fact that the CGH Property was sold in a private sale by the US Trustee on December 18, 2018.

19.      A meeting of creditors for each of the chapter 7 petitions has been noticed for January 14, 2019, at 11:00, in Room 148, of the within Court. The Firm diligently represented the Debtors in the bankruptcy proceedings from their respective inception through December 10, 2018 for RMF and December 11, 2018 for OTG and CGH. On or about January 14, 2019 the Firm filed an Amended Notice of Application and Application of Attorney for Debtors for Payment of Compensation From Estate; Motion for Order Relieving Counsel; Declaration of Tal C. Finney in Support Thereof. A true and correct copy of the motion is attached hereto as **Exhibit E**, and made a part hereof. The Court denied the motion on January 18, 2019. A true and correct copy of the Court's Order is attached hereto as **Exhibit F** and is incorporated herein by this reference.

1.      As former Counsel for Debtors, the Firm, as Applicant, prepared the Debtor's Chapter 11 petitions and the initial schedules thereto (with the later assistance of Landau, who managed the filings after the 14-day filings were made) and represented the Debtors in all initial matters in this case until such time as attorney Landau took over management of the matters as a bankruptcy specialist. Applicant assisted Landau answering inquiries of and supplying documents requested by the US Trustee in the initial filings. Applicant also accompanied Debtor to the meeting of creditors in the Chapter 11 bankruptcy actions, and will accompany Debtor to the meeting of creditors in the Chapter 7 matter to assist Debtor with negotiations with the US Trustee and with any creditors until such time as Debtor finds new skilled bankruptcy counsel.

2.      In summary, as noted above, Applicant has expended a total of 207.50 hours in representing the debtor in this case, as set out in the detailed statement of services rendered that is attached hereto, as required by Fed. R. Bankr. P. 2016.

3.      Applicant has not previously shared and no agreement or understanding exists between the applicant and any other person for sharing of compensation received or to be received for services rendered in connection with this case.

NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE

- 5-

4.      **WHEREFORE**, based on the foregoing, the Applicant respectfully requests As
further noted above, Applicant requests payment of the sum of $95,748.64 from the Debtors'
Estates as fair and reasonable compensation for services to the Debtors and services beneficial to
the Debtors' Estates. As previously noted, Applicant was billed a total of $103,680.00, and
Applicant has been paid the sum of $9,150 by Robertson for legal services rendered on behalf of
the Debtors, leaving a balance due of $95,748.64 in legal fees still owed.

Respectfully submitted: November 2, 2020      **FINNEY ARNOLD, LLP**
                                              Shaune B. Arnold

_____
                                              Tal C. Finney
                                              Attorneys For Debtors
                                              Off the Grid, LLC
                                              Centrally Grown Holdings, LLC
                                              Red Mountain Farms, LLC

# DECLARATION OF TAL C. FINNEY

I, Tal C. Finney, do hereby declare:

1.     I am the former general counsel to Off the Grid, LLC ("OTG"), Centrally Grown Holdings, LLC ("CGH") and Red Mountain Farms, LLC ("RMF"), all California limited liability companies and jointly administered Debtors in Possession (collectively "Debtors"). I offer this declaration in support of my motion to be paid as Debtors' former counsel. I have personal knowledge of the facts set forth herein or such facts are known to me based on the indicated case filings.

2.     On August 17, 2018, the Debtors filed voluntary Chapter 11 petitions. The Debtors continue to manage and operate as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. A committee of creditors holding unsecured claims has not been appointed. The Debtors' cases are jointly administered pursuant to order entered September 11, 2018. *See* ECF # 31.

3.     At the time Finney Arnold LLP (the "Firm") was relieved as Counsel for Debtors CGH was the 100% record owner of a commercial real property restaurant, banquet and bed and breakfast facility located at 7432 Exotic Garden Drive, Cambria, California (the "CGH Property"). CGH's property was recently appraised for $8,000,000. *See* ECF # 127 at Exhibit B.

4.     At the time the Firm was relieved as Counsel for Debtors OTG was the 100% record owner of the real property located at 2220 Noel Way, San Simeon, California (the "OTG Property"). The OTG Property is approximately 132 acres with a remodeled 3,200 square foot, 5-bedroom, 4-bathroom estate. OTG purchased the OTG Property for $2,300,000 in 2010. *See* ECF # 133.

5.     At the time the Firm was relieved as Counsel for Debtors RMF owned an 80 acre agricultural farm land parcel including a vacation rental structure. *See* ECF # 133.

6.     At the time the Firm was relieved as Counsel for Debtors CGH, OTG and RMF were all managed by David Robertson.

7.     Per our First LSA the Firm was to receive $4,000 monthly as retainer deposits during the course of our representation of Client (See Exhibit A). Due to the fact that the Firm was not duly paid during the next several months pursuant to the LSA, and because the nature

---

**NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE**

and amount of our representation of Robertson had materially changed, the Second LSA was executed with Robertson, wherein the monthly retainer amount was retroactively increased for the months of June, July and August to $25,000 per month. These amounts brought the total amount owed pursuant to the First LSA and the Second LSA to a total of $103,680.00. Payments under each of the First LSA, and the Second LSA, are materially in default as the Firm received only $9,150.00 of the total owed, leaving a balance due of $95,748.64.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted: November 2, 2020

**FINNEY ARNOLD, LLP**
Shaune B. Arnold



Tal C. Finney, Esq.
Attorneys For Debtors
Off the Grid, LLC
Centrally Grown Holdings, LLC
Red Mountain Farms, LLC

**NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE**

- 8 -

## EXHIBIT A

### ORIGINAL LEGAL SERVICES AGREEMENT

**(See Next Page)**

**NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE**

# FinneyArnoldLLP

**Twenty-Eighth Floor**
**633 West Fifth Street**
**Los Angeles, CA 90071**
**tfinney@falawyers.com**
**C (310) 729-7266**
**sarnold@falawyers.com**
**C (213) 718-3468**

April 12, 2018

<u>**VIA E-MAIL ONLY**</u>
christianfalstrup@gmail.com

Mr. Dave Robertson
2200 Hollyridge Drive
Los Angeles, CA 90068

Re:    <u>Agreement for Legal Services</u>

Dear Mr. Robertson:

Thank you for considering Finney Arnold LLP ("FA") to represent you in to represent and advise you in negotiating and resolving certain real property disputes, and with other matters as they may arrive from time to time. It is our policy, and a rule governing the practice of law in California, to provide an agreement for legal services. This letter will serve as such agreement and will set forth the basic terms of our engagement. This letter is designed and intended to disclose to you and to ensure that you understand the basis of your engagement of FA as attorneys.

## Scope and Assignment of FA's Legal Services.

You have asked FA to provide legal services to you in connection with the matters described in the paragraph above. Opinions about the outcome of a legal matter, if applicable, are our best professional estimates; they are necessarily limited by our knowledge of the applicable facts and the state of the applicable law at the time such opinions are expressed. FA cannot guarantee the results of any investigation, corporate or document review, negotiation or litigation matter. Payment for FA's services is not contingent on the outcome of any matter.

## Estimates or Quotations.

If requested, and when feasible, FA will provide you with an estimate of the cost of our services. When estimates are given, unless otherwise specified, in writing, they are not maximum, or minimum, or fixed quotations. The ultimate cost may be more or less than the

Mr. David Robertson
April 11, 2018
Page 2 of 5

estimate. The accuracy of FA's estimates may vary, depending on facts or circumstances beyond our control, such as the complexity of related issues such as tax and accounting matters, and/or the positions taken by counsel for other parties, for example.

## How We Charge for Legal Services and Our Out-of-Pocket Costs.

The time devoted to the services to be performed by FA on your behalf may include consultations with others (including others in our office), correspondence, meetings, telephone calls, negotiations, factual investigations and analysis, legal research and analysis, document preparation and revision, depositions, court hearings and/or travel away from the office on your behalf, and all other work related to the matters described in the Scope and Assignment section of this letter set forth above. The fees for legal services are based on a monthly retainer amount that shall be Four Thousand Dollars ($4,000.00) per month for the first two months, and then Seven Thousand Five Hundred Dollars ($7,500.00) per month thereafter.

During the course of FA's engagement, we may incur out-of-pocket costs on your behalf. These costs include, but are not necessarily limited to, telephone charges, postage, telecopy, printing and reproduction costs, filing fees, delivery and messenger costs, other advances, and charges by outside consultants, accountants, and legal counsel whom we have hired your behalf. Out-of-pocket costs are itemized, and they appear on our invoices as "costs." We will discuss all major items in advance with you unless circumstances require otherwise.

## Our Standard Billing and Payment Procedures.

FA normally bills on a monthly basis. Payment will be deducted from the balance of any retainer at the time the invoice is finalized. In the event that there are any amounts due to FA and such amounts remain outstanding for more than 30 days, FA reserves the right to charge interest on the unpaid amounts. The present interest rate charged by FA is one percent (1%) per month; however, FA reserves the right to adjust the rate by notice to you if warranted by the circumstances. Under no circumstances will more than the legal rate of interest will be charged. FA reserves the right to file liens for unpaid legal fees on real property that may be the subject of our representation of you.

## Retainer.

Our engagement will commence upon your execution of this letter and its transmission to this office together with deposit of the agreed upon retainer of Four Thousand Dollars and No Cents in United States funds ($4,000.00). We will deposit the retainer amount in our client trust account, and we will bill costs and fees against those funds. Additional amounts due, if any, will be billed per our Standard Billing and Payment Procedures described above. We reserve the right to require deposit of additional retainer amounts as may be deemed necessary during the course of our representation.

Mr. David Robertson
April 11, 2018
Page 3 of 5

**Responsiveness to Questions.**

FA will perform the legal services called for under this agreement, and any other matters in which this firm may represent you.  FA will keep you informed of progress and developments and will respond to your inquiries and communications.  You and your agents and/or employees will cooperate with FA to the extent necessary to complete the services described in this letter, keep FA reasonably informed of developments and of your current address and telephone numbers, and timely make any payments required by this agreement.

**Termination of Engagement.**

You may terminate FA's engagement with or without cause on written notice to FA.  FA will return all your papers and property in its possession or control immediately upon termination of our engagement.  FA will, however, retain its own files.  If you wish copies of FA's files, you or your new attorneys can arrange to make copies of all of FA's papers that FA believes, in its discretion, are necessary for continued representation.  In such event, you shall be responsible for any additional copying costs.  Termination of FA's services will not affect your responsibility to pay for legal services rendered, all out-of-pocket costs incurred up to the date FA receives notice of termination, and any further work required of FA in order to facilitate any orderly turnover of matters in process at the time of termination.

FA may terminate its engagement by you for any of the reasons permitted under the California Rules of Professional Conduct, including:  failure to pay promptly FA's invoices, misrepresentation of (or failure to disclose) any material facts, action taken contrary to FA's advice, or any other conduct or situation that, in our judgment, impairs an effective attorney-client relationship between us, or presents conflicts with our professional responsibilities.

**Right to Arbitrate.**

In those rare instances in which there is a dispute with a client, we make every effort to resolve the dispute.  If any fee dispute between us cannot be resolved, you have the right to request arbitration under California Business and Professions Code sections 6200-6206.  In connection with such proceedings, or any resulting litigation, should that occur, the prevailing party shall be entitled to recover their reasonable costs and attorneys' fees incurred, in addition to costs of collection and any damages or other relief awarded.

**Errors and Omissions Insurance.**

FA hereby discloses to you that we maintain errors and omissions insurance coverage applicable to the legal services to be rendered.

**Complete Agreement.**

This Agreement sets forth the entire agreement between the parties with regard to the subject matter hereof.  All agreements, covenants, representations and warranties, express and

Mr. David Robertson
April 11, 2018
Page 4 of 5

implied, oral and written, of the parties with regard to the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by either party to the other with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter hereof are waived, merged herein and therein and superseded hereby and thereby. This is an integrated agreement.

**Warranty of Authority.**

The Parties hereto, and each and all of them, collectively and individually as to each said Party, represent and declare that each of the persons executing this Agreement is and will be empowered and authorized to do so.

**Counterparts.**

This Agreement may be executed in counterparts, and each counterpart so executed will be considered an original of this Agreement as to the party executing the same.

**Consent.**

Please read the above terms carefully and make certain that you understand them. Unless otherwise agreed to, in writing, by signing below, you consent to the above terms. FA will render the legal services as agreed, and you will be billed for and will pay for the legal services and out-of-pocket costs as described above.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]**
**[SIGNATURE PAGE FOLLOWS.]**

Mr. David Robertson
April 11, 2018
Page 5 of 5

If the foregoing letter meets with your approval, please countersign and date this letter in the spaces provided below, and then return the original letter to the undersigned together with the required retainer fee.  We look forward to a long and mutually beneficial working relationship.

Very truly yours,

Tal C. Finney, Esq. Of
**FINNEY ARNOLD LLP**

**I HAVE READ AND AGREE TO THE FOREGOING:**

**DAVID ROBERTSON
an Individual**

By: _____
        David Robertson

## EXHIBIT B

### LEGAL SERVICES BILLING STATEMENTS

**(See Next Page)**

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

**INVOICE**

Invoice # 116
Date: 08/04/2018
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

### 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|------|------|----------|-------|----------|------|-------|
| Service | 08/04/2018 | TCF | Legal Fees for  une 2018 | 1.00 | $25,000.00 | $25,000.00 |
| Service | 08/04/2018 | TCF | Legal Fees for  uly 2018 | 1.00 | $25,000.00 | $25,000.00 |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| Tal Finney | 2.0 | $25,000.00 | $50,000.00 |
| | | **Total** | **$50,000.00** |
| | | **Payment (10/17/2018)** | **-$1,150.00** |
| | | **Balance Owing** | **$48,850.00** |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

# Finney Arnold LLP

**INVOICE**

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

Invoice # 130
Date: 10/18/2018
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

### 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Expense | 08/17/2018 | Document printing for bankruptcy filing | 1.00 | $14.59 | $14.59 |
| Expense | 08/18/2018 | Document printing for Bankruptcy filing | 1.00 | $24.85 | $24.85 |
| Expense | 08/18/2018 | Document printing for bankruptcy filing | 1.00 | $1.35 | $1.35 |
| Expense | 08/18/2018 | Document printing for bankruptcy filing | 1.00 | $6.32 | $6.32 |
| Expense | 08/29/2018 | Document printing for Bankruptcy Filing | 1.00 | $3.74 | $3.74 |
| Expense | 08/29/2018 | Document printing for bankruptcy filing | 1.00 | $4.92 | $4.92 |
| Expense | 08/29/2018 | Document printing for bankruptcy | 1.00 | $26.46 | $26.46 |
| Expense | 08/29/2018 | Document printing for bankruptcy filing | 1.00 | $1.40 | $1.40 |
| Expense | 08/29/2018 | FedE   mailing costs for D. Robertson Bankruptcy filings. | 1.00 | $128.54 | $128.54 |
| Expense | 08/30/2018 | DocuSign Subscription for Dave Robertson to sign filings | 1.00 | $15.00 | $15.00 |
| Expense | 10/18/2018 | Document printing for bankruptcy filing | 1.00 | $4.04 | $4.04 |
| Expense | 10/18/2018 | Document printing for bankruptcy filing | 1.00 | $1.35 | $1.35 |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| | | Total | $232.56 |

Please make all amounts payable to: Finney Arnold LLP

# Finney Arnold LLP

## INVOICE

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

Invoice # 147
Date: 01/10/2019
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

### 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|------|------|----------|-------|----------|------|-------|
| Service | 09/01/2018 | TCF | Legal Fees for August 2018 | 62.50 | $400.00 | $25,000.00 |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| Tal Finney | 62.5 | $400.00 | $25,000.00 |
|  |  | Total | $25,000.00 |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

# INVOICE

Invoice # 148
Date: 01/10/2019
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413

## 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

### Services

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|------|------|----------|-------|----------|------|-------|
| Service | 09/12/2018 | TCF | Reviewed, analyzed, and responded to correspondence re bankruptcy filings | 0.90 | $400.00 | $360.00 |
| Service | 09/13/2018 | TCF | Reviewed and analyzed correspondence re Chapter 11 bankruptcy, followed up re same | 0.80 | $400.00 | $320.00 |
| Service | 09/17/2018 | SBA | Reviewed and analyzed correspondence in preparation for conference call, followed up re same | 0.60 | $400.00 | $240.00 |
| Service | 09/17/2018 | TCF | Reviewed and analyzed court notices re Chapter 11 bankruptcy, scanned and forwarded to the group. | 1.90 | $400.00 | $760.00 |
| Service | 09/21/2018 | SBA | Reviewed and analyzed court notices re Chapter 11 Bankruptcy, scanned notices from court and emailed to Lewis and team | 1.80 | $400.00 | $720.00 |
| Service | 09/25/2018 | SBA | Preparation and travel to Creditor's meeting in Santa Barbara; Client requested attorney not to attend the morning of the hearing, post attorney prep, travel and lodging. | 8.00 | $400.00 | $3,200.00 |
| Service | 10/02/2018 | TCF | Reviewed correspondence re updates on Chapter 11 Bankruptcy, follow up conferences and developed strategy re same | 1.20 | $400.00 | $480.00 |
| Service | 10/09/2018 | SBA | Reviewed, analyzed, and responded to email from Brian Fittipaldi, providing our | 0.50 | $400.00 | $200.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | written LSA and confirming prior payments made by debtors and no CRO services provided | | | |
| Service | 12/03/2018 | TCF | Reviewed and analyzed court notices re Chapter 11 Bankruptcy, followed up with client and Co-Counsel, developed strategy re same | 1.10 | $400.00 | $440.00 |
| Service | 12/04/2018 | TCF | Conferences with client, potential lenders, and team re potential loan restructuring in conjunction with Chapter 11 Bankruptcy | 1.20 | $400.00 | $480.00 |
| Service | 12/07/2018 | TCF | Conferences and correspondence with client, potential lenders and trustee re potential Debtor-in-Possession financing, developed legal strategy re same | 2.80 | $400.00 | $1,120.00 |
| Service | 12/08/2018 | TCF | Conferences and correspondence with client and potential lenders re potential DIP financing, followed up re same | 3.50 | $400.00 | $1,400.00 |
| Service | 12/08/2018 | TCF | Conferences, correspondence, and draft offer with potential lender re resctructuring of financing and potential purchase of property, followed up with client re same | 2.90 | $400.00 | $1,160.00 |
| Service | 12/09/2018 | TCF | Conferences, correspondence, and draft offer with chief creditor in Chapter 11 Bankruptcy re restructuring of financing, followed up with client re same. | 1.80 | $400.00 | $720.00 |
| Service | 12/09/2018 | TCF | Reviewed and analyzed research, and prepared for court hearing on conversion to Chapter 7 Bankruptcy, developed strategy re same | 4.20 | $400.00 | $1,680.00 |
| Service | 12/10/2018 | TCF | Final preparation for and appearance in U.S. Bankruptcy Courty in conjunction with motion to convert Chapter 11 Bankruptcy to Chapter 7 Bankruptcy, followed up with client and team and developed further legal strategy in response to Court's ruling to convert | 7.20 | $400.00 | $2,880.00 |
| Service | 12/11/2018 | TCF | Correspondence with client and counsel to targeted potential loan refinancier/ purchaser of client's properties, developed strategy in response thereto | 0.80 | $400.00 | $320.00 |
| Service | 12/12/2018 | TCF | Correspondence with client re need to retain bankruptcy counsel and related legal issues | 0.40 | $400.00 | $160.00 |
| Service | 12/14/2018 | TCF | Reviewed and analyzed executed version of LO! for potential loan with Kennedy Financial, subject to the court's approval for | 1.60 | $400.00 | $640.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | use of funds and loan terms; conferences with client and potential buyer/lender re acquisition of properties or refinance of same in context of bankruptcy | | | |
| Service | 12/15/2018 | TCF | Reviewed correspondence re updates on Robertson bankruptcy and relevant financial points for Trustee from client; follow up conferences with potential lender/ buyer of properties in bankruptcy, developed strategy re same | 1.30 | $400.00 | $520.00 |
| Service | 12/16/2018 | TCF | Reviewed and responded to correspondence from prospective purchaser of Robertson properties re bankruptcy issues | 0.40 | $400.00 | $160.00 |
| Service | 12/17/2018 | TCF | Reviewed and responded to correspondence from prospective purchaser of Robertson properties re bankruptcy issues and from client re legal strategy for scheduled sale of property by Trustee | 0.40 | $400.00 | $160.00 |
| Service | 12/18/2018 | TCF | Reviewed and responded to correspondence from client re the sale of the Exotic Gardens property and proposed sale of remaining Cambria assets | 0.50 | $400.00 | $200.00 |
| Service | 12/20/2018 | TCF | Reviewed and analyzed additional corresdondence from client re sale of assets in Chapter 7 Bankruptcy by Trustee | 0.40 | $400.00 | $160.00 |
| Service | 12/28/2018 | TCF | Correspondence and conferences with client re bankruptcy litigation and proposed motions in conjunction with same | 0.70 | $400.00 | $280.00 |
| Service | 01/02/2019 | TCF | Researched, reviewed, and analyzed litigation checklist in conjunction with Creditor's Meeting in Chapter 7 Bankruptcy case scheduled for 1/14/2019 | 2.80 | $400.00 | $1,120.00 |
| Service | 01/11/2019 | TCF | Followed up with consulting team to client re litigation checklist in conjunction with Creditor's Meeting in Chapter 7 Bankruptcy case scheduled for 1/14/2019 | 0.80 | $400.00 | $320.00 |
| Service | 01/11/2019 | TCF | Additional follow up with consulting team to client re preparation for and attendance at Creditor's Meeting on 1/14/2019 | 1.20 | $400.00 | $480.00 |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 01/11/2019 | Travel costs associated with visits to Santa Barbara | 1.00 | $970.11 | $970.11 |

Invoice # 148 - 01/10/2019

and Cambria for meetings and court hearings

| Expense | 01/11/2019 | Printing costs associated with Bankruptcy case filings | 1.00 | $15.97 | $15.97 |

| Time Keeper | Quantity | Rate | Total |
| --- | --- | --- | --- |
| Shaune Arnold | 10.9 | $400.00 | $4,360.00 |
| Tal Finney | 40.8 | $400.00 | $16,320.00 |
| | | Total | $21,666.08 |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

## EXHIBIT C

## SECOND LEGAL SERVICES AGREEMENT

### (See Next Page)

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-78CF142E74F5

# FinneyArnold LLP

**Twenty-Eighth Floor**
**633 West Fifth Street**
**Los Angeles, CA 90071**
**tfinney@falawyers.com**
**C (310) 729-7266**
**sarnold@falawyers.com**
**C (213) 718-3468**

August 1, 2018

**VIA E-MAIL ONLY**
323dave@gmail.com

Mr. Dave Robertson
2200 Hollyridge Drive
Los Angeles, CA 90068

Re:    Agreement for Legal Services

Dear Mr. Robertson:

Thank you for considering Finney Arnold LLP ("FA") to represent you in to represent and advise you in negotiating and resolving certain real property disputes, and with other matters as they may arrive from time to time. It is our policy, and a rule governing the practice of law in California, to provide an agreement for legal services. This letter will serve as such agreement and will set forth the basic terms of our engagement. This letter is designed and intended to disclose to you and to ensure that you understand the basis of your engagement of FA as attorneys.

**Scope and Assignment of FA's Legal Services.**

You have asked FA to provide legal services to you in connection with the matters described in the paragraph above. Opinions about the outcome of a legal matter, if applicable, are our best professional estimates; they are necessarily limited by our knowledge of the applicable facts and the state of the applicable law at the time such opinions are expressed. FA cannot guarantee the results of any investigation, corporate or document review, negotiation or litigation matter. Payment for FA's services is not contingent on the outcome of any matter.

**Estimates or Quotations.**

If requested, and when feasible, FA will provide you with an estimate of the cost of our services. When estimates are given, unless otherwise specified, in writing, they are not maximum, or minimum, or fixed quotations. The ultimate cost may be more or less than the

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-

Mr. David Robertson
August 1, 2018
Page 2 of 5

estimate. The accuracy of FA's estimates may vary, depending on facts or circumstances beyond our control, such as the complexity of related issues such as tax and accounting matters, and/or the positions taken by counsel for other parties, for example.

## How We Charge for Legal Services and Our Out-of-Pocket Costs.

The time devoted to the services to be performed by FA on your behalf may include consultations with others (including others in our office), correspondence, meetings, telephone calls, negotiations, factual investigations and analysis, legal research and analysis, document preparation and revision, depositions, court hearings and/or travel away from the office on your behalf, and all other work related to the matters described in the Scope and Assignment section of this letter set forth above. The fees for legal services are based on a monthly retainer amount that shall be Twenty-Five Thousand Dollars ($25,000.00) per month for each of June 2018 and July 2018, and then Ten Thousand Five Hundred Dollars ($10,000.00) per month thereafter.

During the course of FA's engagement, we may incur out-of-pocket costs on your behalf. These costs include, but are not necessarily limited to, telephone charges, postage, telecopy, printing and reproduction costs, filing fees, delivery and messenger costs, other advances, and charges by outside consultants, accountants, and legal counsel whom we have hired your behalf. Out-of-pocket costs are itemized, and they appear on our invoices as "costs." We will discuss all major items in advance with you unless circumstances require otherwise.

## Our Standard Billing and Payment Procedures.

FA normally bills on a monthly basis. Payment will be deducted from the balance of any retainer at the time the invoice is finalized. In the event that there are any amounts due to FA and such amounts remain outstanding for more than 30 days, FA reserves the right to charge interest on the unpaid amounts. The present interest rate charged by FA is one percent (1%) per month; however, FA reserves the right to adjust the rate by notice to you if warranted by the circumstances. Under no circumstances will more than the legal rate of interest will be charged. FA reserves the right to file liens for unpaid legal fees on real property that may be the subject of our representation of you.

## Retainer.

Our engagement will commence upon your execution of this letter and its transmission to this office together with deposit of the agreed upon retainer of Five Thousand Dollars and No Cents in United States funds ($5,000.00). We will deposit the retainer amount in our client trust account, and we will bill costs and fees against those funds. Additional amounts due, if any, will be billed per our Standard Billing and Payment Procedures described above. We reserve the right to require deposit of additional retainer amounts as may be deemed necessary during the course of our representation.

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-78C41AEEFA7B

Mr. David Robertson
August 1, 2018
Page 3 of 5

## Responsiveness to Questions.

FA will perform the legal services called for under this agreement, and any other matters in which this firm may represent you. FA will keep you informed of progress and developments and will respond to your inquiries and communications. You and your agents and/or employees will cooperate with FA to the extent necessary to complete the services described in this letter, keep FA reasonably informed of developments and of your current address and telephone numbers, and timely make any payments required by this agreement.

## Termination of Engagement.

You may terminate FA's engagement with or without cause on written notice to FA. FA will return all your papers and property in its possession or control immediately upon termination of our engagement. FA will, however, retain its own files. If you wish copies of FA's files, you or your new attorneys can arrange to make copies of all of FA's papers that FA believes, in its discretion, are necessary for continued representation. In such event, you shall be responsible for any additional copying costs. Termination of FA's services will not affect your responsibility to pay for legal services rendered, all out-of-pocket costs incurred up to the date FA receives notice of termination, and any further work required of FA in order to facilitate any orderly turnover of matters in process at the time of termination.

FA may terminate its engagement by you for any of the reasons permitted under the California Rules of Professional Conduct, including: failure to pay promptly FA's invoices, misrepresentation of (or failure to disclose) any material facts, action taken contrary to FA's advice, or any other conduct or situation that, in our judgment, impairs an effective attorney-client relationship between us, or presents conflicts with our professional responsibilities.

## Right to Arbitrate.

In those rare instances in which there is a dispute with a client, we make every effort to resolve the dispute. If any fee dispute between us cannot be resolved, you have the right to request arbitration under California Business and Professions Code sections 6200-6206. In connection with such proceedings, or any resulting litigation, should that occur, the prevailing party shall be entitled to recover their reasonable costs and attorneys' fees incurred, in addition to costs of collection and any damages or other relief awarded.

## Errors and Omissions Insurance.

FA hereby discloses to you that we maintain errors and omissions insurance coverage applicable to the legal services to be rendered.

## Complete Agreement.

This Agreement sets forth the entire agreement between the parties with regard to the subject matter hereof. All agreements, covenants, representations and warranties, express and

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-A8301A1EE2A9

Mr. David Robertson
August 1, 2018
Page 4 of 5

implied, oral and written, of the parties with regard to the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by either party to the other with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter hereof are waived, merged herein and therein and superseded hereby and thereby. This is an integrated agreement.

### Warranty of Authority.

The Parties hereto, and each and all of them, collectively and individually as to each said Party, represent and declare that each of the persons executing this Agreement is and will be empowered and authorized to do so.

### Counterparts.

This Agreement may be executed in counterparts, and each counterpart so executed will be considered an original of this Agreement as to the party executing the same.

### Consent.

Please read the above terms carefully and make certain that you understand them. Unless otherwise agreed to, in writing, by signing below, you consent to the above terms. FA will render the legal services as agreed, and you will be billed for and will pay for the legal services and out-of-pocket costs as described above.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]**
**[SIGNATURE PAGE FOLLOWS.]**

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-18C414EE747B

Mr. David Robertson
August 1, 2018
Page 5 of 5


      If the foregoing letter meets with your approval, please countersign and date this letter in the spaces provided below, and then return the original letter to the undersigned together with the required retainer fee.  We look forward to a long and mutually beneficial working relationship.

Very truly yours,

Tal C. Finney, Esq. Of
**FINNEY ARNOLD LLP**


**I HAVE READ AND AGREE TO THE FOREGOING:**

**DAVID ROBERTSON**
**an Individual**

By: _____
    David Robertson

1

## <u>EXHIBIT D</u>

2

**ORDERS CONVERTING CHAPTER 11 PETITIONS TO CHAPTER 7 PETITIONS.**

3

**(See Next Page)**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE**

Craig G. Margulies (State Bar No. 185925)
*Craig@MarguliesFaithLaw.com*
Monsi Morales (State Bar No. 235520)
*Monsi@MarguliesFaithLaw.com*
MARGULIES FAITH LLP
16030 Ventura Blvd., Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

**FILED & ENTERED**

**DEC 11 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

In re:

OFF THE GRID, LLC,

                                                    Debtor.
-------------------------------------
In re

CENTRALLY GROWN HOLDINGS, LLC,

                                                    Debtor.
-------------------------------------
In re

RED MOUNTAIN FARMS, LLC,

                                                    Debtor.
-------------------------------------

☐ Affects All Debtors

☒ Affects Off The Grid, LLC

☒ Affects Centrally Grown Holdings, LLC

☐ Affects Red Mountain Farms, LLC

Lead Case No.  9:18-bk-11352-DS

Chapter 11

Jointly Administered With:
Case No. 9:18-bk-11353-DS
Case No. 9:18-bk-11354-DS

**ORDER GRANTING MOTION TO CONVERT CASES FROM CHAPTER 11 TO CHAPTER 7**

Hearing:
Date:      December 10, 2018
Time:      2:00 PM
Place:     Courtroom 1639
              255 E. Temple Street
              Los Angeles, CA 90012

A hearing was held on December 10, 2018 on the "Emergency Motion To Convert Chapter 11 Cases To Chapter 7, Or Alternatively To Appoint A Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 1112(B)" (the "Motion," Docket No. 162) with respect to the above-captioned chapter 11 cases of Off the Grid, LLC ("OTG"), and Centrally Grown Holdings, LLC ("CGH,"

together with OTG, the "Debtors").  Appearances were noted on the record.  The court

having considered the Motion, the record in these cases, and the arguments made and

evidence presented at the hearing, and for the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the Motion is granted, and the chapter 11 cases of

OTG and CGH are converted to chapter 7.

### 

Date: December 11, 2018

Deborah J. Saltzman
United States Bankruptcy Judge

1
2
3
4
5
6
7

FILED & ENTERED

DEC 10 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY handy    DEPUTY CLERK

8    # UNITED STATES BANKRUPTCY COURT

9    ## CENTRAL DISTRICT OF CALIFORNIA

10    ### NORTHERN DIVISION

| | |
|---|---|
| 11  In re: | Case No. 9:18-bk-11352-DS |
| 12  OFF THE GRID, LLC, | Chapter 11 |
| 13  Debtor. | Jointly Administered with Case No. 9:18-bk-11353-DS |
| 14  In re: | Case No. 9:18-bk-11354-DS |
| 15  CENTRALLY GROWN HOLDINGS, LLC, | |
| 16  Debtor. | **ORDER CONVERTING CASE TO CHAPTER 7** |
| 17  In re: | |
| 18  RED MOUNTAIN FARMS, LLC, | Hearing: |
| 19  Debtor. | Date:  December 10, 2018 |
| 20 | Time:  2:00 p.m. |
| ☐  Affects All Debtors | Place: Courtroom 201 |
| 21 | 1415 State Street |
| ☐  Affects Off The Grid, LLC | Santa Barbara, California 93101 |
| 22 | |
| ☐  Affects Centally Grown Holdings, LLC | |
| 23 | |
| ☒  Affects Red Mountain Farms, LLC | |
| 24 | |

25
26
27
28

-1-

1       A hearing was held on December 10, 2018 at 2:00 p.m. on the "Emergency Motion

2  to Convert Chapter 11 Cases to Chapter 7, or Alternatively to Appoint a Chapter 11

3  Trustee Pursuant to 11 U.S.C. §§ 1112(B)" (the "Motion," Docket No. 162), filed by creditor

4  Margulies Faith, LLP with respect to two of the three above-named jointly administered

5  debtors, Off The Grid, LLC and Centrally Grown Holdings, LLC.  At the hearing, the court

6  granted the motion to convert the cases to chapter 7, and also considered whether the

7  case of the third jointly administered debtor, Red Mountain Farms, LLC, should also be

8  converted to chapter 7.  Based on the record in these cases, and for the reasons stated on

9  the record at the hearing,

10      IT IS HEREBY ORDERED that the chapter 11 case of debtor Red Mountain Farms,

11  LLC is converted to chapter 7.

12                                  ###

Date: December 10, 2018

Deborah J. Saltzman
United States Bankruptcy Judge

## EXHIBIT E

**AMENDED NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS FOR PAYMENT OF COMPENSATION FROM ESTATE; MOTION FOR ORDER RELIEVING COUNSEL; DECLARATION OF TAL C. FINNEY IN SUPPORT THEREOF**

Tal C. Finney, Esq. 156296
Shaune B. Arnold, Esq. 173298
**FINNEY ARNOLD LLP**
633 W. 5th Street, 28th Floor
Los Angeles, California 90071
tfinney@falawyers.com
(310) 729-7266
sarnold@falawyers.com
(213) 718-3468
Attorneys for Centrally Grown Holdings, LLC (Debtor)

## UNITED STATES BANKRUPTCY COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**OFF THE GRID, LLC,**<br><br>    Debtor,<br><br>In re<br><br>**CENTRALLY GROWN HOLDINGS, LLC<br>RED MOUNTAIN FARMS, LLC**<br>    Debtors.<br><br>■ Affects All Debtors<br>☐ Affects Off the Grid, LLC<br>☐ Affects Centrally Grown Holdings, LLC<br>☐ Affects Red Mountain Farms, LLC | Case No.: 9:18-BK-11352<br>Chapter 7<br>Jointly Administered with<br>Case No.: 9:18-bk-11353 DS and<br>Case No.: 9:18-bk-11354 DS<br><br>**AMENDED NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS FOR PAYMENT OF COMPENSATION FROM ESTATE; MOTION FOR ORDER RELIEVING COUNSEL; DECLARATION OF TAL C. FINNEY IN SUPPORT THEREOF**<br><br>DATE:  None Required per LBR 9013-1(P)(4)<br>TIME:<br>PLACE: Courtroom 201<br>       Judge Saltzman<br>       U.S. Bankruptcy Court<br>       1415 State Street, 2nd Floor<br>       Santa Barbara, CA 93101 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTORS IN POSSESSION AND ALL OTHER INTERESTED PARTIES:**

    1.    Tal C. Finney ("Finney"), on behalf of Shaune B. Arnold, Esq. ("Arnold"), and FINNEY ARNOLD, LLP (the "Firm"), of which Finney, Arnold and the Firm are, collectively, the applicant"(Applicant"), as the Applicant is general counsel to each of Off the Grid, LLC

AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 1

("OTG"), Centrally Grown Holdings, LLC ("CGH") and Red Mountain Farms, LLC ("RMF"), all California limited liability companies and jointly administered Debtors in Possession (each a "Debtor," and, collectively, the "Debtors"), hereby moves the Court to be paid from the proceeds of the sale of the Debtor's Estate (defined below), and to be relieved as Debtors' general bankruptcy counsel based upon the following:

2.      On February 14, 2018 RMF filed its original bankruptcy action in the within Court. On March 20, 2018 OTG filed its original Chapter 11 bankruptcy action in the within Court. On April 24, 2018 CGH filed its original Chapter 11 bankruptcy action in the within Court. Craig Margulies, Esq., of Margulies Faith LLP, acted as the respective debtor's bankruptcy counsel in each of the aforementioned bankruptcy actions. The Firm was not involved in bringing or managing any of these bankruptcy matters.

3.      At the time of the filing of the Chapter 11 petition, CGH was the 100% record owner of a commercial real property restaurant, banquet and bed and breakfast facility located at 7432 Exotic Garden Drive, Cambria, California (the "CGH Property"). The CGH Property was recently appraised for $8,000,000.

4.      At the time of the filing of the Chapter 11 petition, OTG is the 100% record owner of the real property located at 2220 Noel Way, San Simeon, California (the "OTG Property"). The OTG Property is approximately 132 acres with a remodeled 3,200 square foot, 5-bedroom, 4-bathroom estate. OTG purchased the OTG Property for $2,300,000 in 2010.

5.      At the time of the filing of the Chapter 11 petition, RMF owned an 80-acre agricultural farm land parcel including a vacation rental structure ("the RMF Property").

6.      CGH, and its CGH Property, OTG and its OTG Property, and RMF, and its RMF property, were each and all managed by Robertson. The CGH Property, the OTG Property and the RMF Property are, collectively, the Debtor's estate ("Debtor's Estate").

7.      On April 12, 2018 Robertson hired the Firm to represent him with respect to certain land use and other regulatory matters that arose regarding the operations of the OTG Property, the CGH Property and the RMF Property. The Firm was also hired to represent Robertson and the various business entities (OTG, CGH and RMF) with respect to the structuring of certain business transactions and business relationships among and between the various entities. A true and correct copy of the first legal services agreement between the Firm

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 2**

and David Robertson (the "First LSA") is attached hereto as **Exhibit A**, and is made a part hereof.

8.      The Firm conducted certain legal services related to the land use matters, and performed certain business-related tasks, on behalf of Robertson, OTG, CGH and RMF (collectively, the "Client"). True and correct copies of billing statements demonstrating the nature and amount of tasks performed by the Firm are attached hereto as **Exhibit B**, and are made a part hereof.

9.      During the months of April through August 2018, Applicant performed 259.20 hours of regulatory, corporate and bankruptcy legal services on behalf of the Client. During that time the Firm charged Client $103,680 for such legal services pursuant to the First LSA and the Second LSA combined. To date, Robertson has paid only $9,150 to the Firm in partial settlement of his legal services bill, leaving a balance of legal fees owed of $95,748.64.

10.      On or about July 25, 2018 each of the Client's bankruptcy actions were dismissed by the within Court due to case compliance issues. Margulies Faith law firm declined to represent Client in refiling the bankruptcy actions.

11.      Upon the dismissal of the bankruptcy actions, Client was in danger of losing the OTG Property, the CGH Property if the renewed bankruptcy actions were not immediately filed. For this reason, under extremely exigent circumstances, on August 17, 2018, the Firm filed new Chapter 11 bankruptcy actions on behalf of each of OTG, CGH and RMF.

12.      The material change in the Firm's representation of Client necessitated a renegotiated Legal Services Agreement with Robertson. On August 1, 2018 Robertson executed with the Firm a second Legal Services Agreement ("Second LSA"). A true and correct copy of the Second LSA is attached hereto as **Exhibit C**, and is made a part hereof. Roberson has not paid the Firm for any portion of the legal services performed on behalf of Client under the Second LSA.

13.      As the Firm lacks expertise in bankruptcy matters, the Firm immediately sought, and helped Robertson secure the assistance of, Lewis Landau Esq. ("Landau"), a skilled bankruptcy attorney, to administer the Chapter 11 bankruptcy actions. Robertson duly hired Landau, and Landau duly managed and administered the bankruptcy actions as attorney for OTG, CGH and RMF, each as a Debtor in possession. Soon thereafter, during the month of

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 3**

August 2018, Robertson terminated the Second LSA, asking the Firm to take on an hourly arrangement, at $400. No new Legal Services Agreement was signed with Robertson. Finney attended all Debtor hearings to assist Robertson, CGH, OTG and RMF to administer the bankruptcy actions. However, the Firm has not billed Robertson, or the Debtor entities further for this assistance. Despite providing additional legal assistance to Roberson and the Debtors, the Firm has not billed Robertson, or the Debtors, for any legal services provided after the date that Robertson terminated the Second LSA with the Firm.

14.    OTG, CGH and RMF each managed and operated their respective real properties (through Robertson acting as Managing Member of each entity) as debtors in possession (each a "Debtor," and, collectively, the "Debtors") pursuant to 11 U.S.C. §§ 1107 and 1108.

15.    No committee of creditors holding unsecured claims has been appointed in either the Chapter 11, or the Chapter 7, bankruptcy matters. The Debtors' cases are jointly administered pursuant to order entered September 11, 2018. *See* ECF # 31.

16.    A hearing was held on December 10, 2018 on an Emergency Motion to Convert Chapter 11 Cases To Chapter 7, Or Alternatively To Appoint A Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 1112(B)" (the "Motion,") with respect to the above-captioned chapter 11 cases of the Debtors. Appearances were noted on the record.

17.    The court having considered the Motion, the record in these cases, the arguments made, and evidence presented at the hearing, and for the reasons stated on the record at the hearing, the Motion was granted, and each of the Chapter 11 cases of the Debtors were converted to Chapter 7 matters. Specifically, on December 10, 2018 the within Court filed and entered an Order converting the Chapter 11 petition of Red Mountain Farms, LLC to a chapter 7 petition. On December 11, 2018 the within Court filed an entered an Order converting the related chapter 11 petitions of Off the Grid LLC and Centrally Grown Holdings LLC to chapter 7 petitions. True and correct copies of the conversion orders are attached hereto as **Exhibit D**, and made a part hereof.

18.    On, or about, December 6, 2018 Landau filed a Motion for Order Relieving Counsel with the within Court.  Importantly, the Firm lacks the expertise in bankruptcy law necessary to administer the pending Chapter 7 petitions for the Debtors. This challenge is

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 4**

exacerbated by the fact that the CGH Property was sold in a private sale by the US Trustee on December 18, 2018.

19.   A meeting of creditors for each of the chapter 7 petitions has been noticed for January 14, 2019, at 11:00, in Room 148, of the within Court.

20.   The Firm has diligently represented the Debtors in the bankruptcy proceedings from their respective inception through the current date. The Firm is actively engaged in obtaining additional referrals to the Debtors of attorneys that possess the necessary expertise to assist the Debtors with administering their respective pending Chapter 7 petitions. However, the Firm believes that its continued presence as counsel to the Debtors in each of the pending Chapter 7 cases will have a direct impact on the successful completion of the Debtors' Chapter 7 cases. For the above-referenced reasons, the Firm is asking the within Court to relieve the Firm, and its attorneys, as counsel for the Debtors.

21.   The Firm, as Applicant, is the attorney of record for the Debtors in these cases. Applicant prepared the Debtor's Chapter 11 petitions and the initial schedules thereto (with the later assistance of Landau, who managed the filings after the 14-day filings were made) and represented the Debtors in all initial matters in this case until such time as attorney Landau took over management of the matters as a bankruptcy specialist. Applicant assisted Landau answering inquiries of and supplying documents requested by the US Trustee in the initial filings. Applicant also accompanied Debtor to the meeting of creditors in the Chapter 11 bankruptcy actions, and will accompany Debtor to the meeting of creditors in the Chapter 7 matter to assist Debtor with negotiations with the US Trustee and with any creditors until such time as Debtor finds new skilled bankruptcy counsel.

22.   In summary, as noted above, Applicant has expended a total of 207.50 hours in representing the debtor in this case, as set out in the detailed statement of services rendered that is attached hereto, as required by Fed. R. Bankr. P. 2016.

23.   As further noted above, Applicant requests payment of the sum of $95,748.64 from the Debtors' Estates as fair and reasonable compensation for services to the Debtors and services beneficial to the Debtors' Estates. As previously noted, Applicant was billed a total of $103,680.00, and Applicant has been paid the sum of $9,150 by Robertson for legal services rendered on behalf of the Debtors, leaving a balance due of $95,748.64 in legal fees still owed.

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 5**

24.     Applicant has not previously shared and no agreement or understanding exists between the applicant and any other person for sharing of compensation received or to be received for services rendered in connection with this case.

25.     **WHEREFORE**, based on the foregoing, the Applicant respectfully requests that the Firm, and each of its attorneys, all be permitted to withdraw as counsel for Robertson and the Debtors and that the court enter proposed form of Order Authorizing Attorneys to Withdraw as Counsel to Chapter 7 Debtors and for entry of such other and further relief as the Court deems just and proper. By copy of the within moving papers, the Debtors, Office of the Standing Chapter 7 Trustee, as well as all other parties that have requested notice, are hereby provided notice of the relief sought herein.

Respectfully submitted this 14th day of January 2019.

**FINNEY ARNOLD, LLP**



Tal C. Finney, Esq.
For Debtors
Off the Grid, LLC
Centrally Grown Holdings, LLC
Red Mountain Farms, LLC

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 6**

**DECLARATION OF TAL C. FINNEY**

I, Tal C. Finney, do hereby declare:

1.      I am general counsel to Off the Grid, LLC ("OTG"), Centrally Grown Holdings, LLC ("CGH") and Red Mountain Farms, LLC ("RMF"), all California limited liability companies and jointly administered Debtors in Possession (collectively "Debtors"). I offer this declaration in support of my motion to withdraw as Debtors' counsel. I have personal knowledge of the facts set forth herein or such facts are known to me based on the indicated case filings.

2.      On August 17, 2018, the Debtors filed voluntary Chapter 11 petitions. The Debtors continue to manage and operate as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. A committee of creditors holding unsecured claims has not been appointed. The Debtors' cases are jointly administered pursuant to order entered September 11, 2018. *See* ECF # 31.

3.      CGH is the 100% record owner of a commercial real property restaurant, banquet and bed and breakfast facility located at 7432 Exotic Garden Drive, Cambria, California (the "CGH Property"). CGH's property was recently appraised for $8,000,000. *See* ECF # 127 at Exhibit B.

4.      OTG is the 100% record owner of the real property located at 2220 Noel Way, San Simeon, California (the "OTG Property"). The OTG Property is approximately 132 acres with a remodeled 3,200 square foot, 5-bedroom, 4-bathroom estate. OTG purchased the OTG Property for $2,300,000 in 2010. *See* ECF # 133.

5.      RMF owns an 80 acre agricultural farm land parcel including a vacation rental structure. *See* ECF # 133.

6.      CGH, OTG and RMF are all managed by David Robertson.

7.      During the month of April 2016, OTG and CGH obtained a loan for $2,550,000 for a group of investors serviced by San Luis Financial, Inc. ("SLF"). SLF is currently owed approximately $3.2 million jointly from OTG and CGH according to SLF's beneficiary demand. *See* ECF # 133 at Exhibit 3.

8.      To prevent the sale of the OTG Property and allow OTG to continue to operate its business, OTG filed its original Chapter 11 petition on March 20, 2018. SLF also scheduled a

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 7**

foreclosure sale of the Exotic Garden Property for April 25, 2018 resulting in an original Chapter 11 filing for CGH on April 24, 2018. RMF also filed an original Chapter 11 petition on February 14, 2018 to stay foreclosure under a related loan arranged by SLF. The original chapter 11 cases were all dismissed due to case compliance issues on July 25, 2018. The cases were re-filed on August 17, 2018 due to new foreclosure sales scheduled by SLF. *See* ECF # 133.

9.      In the current chapter 11 cases, the Debtor stipulated with SLF to allow the automatic stay to terminate provided no foreclosure sale would be held before December 1, 2018. The foreclosure sales were rescheduled for December 3, 2018.

10.     On November 14, 2018 CGH moved to sell the Exotic Garden Property and a hearing thereon was set for November 27, 2018. *See* ECF # 133. Pursuant to the purchase agreement, CGH cancelled the sale and opted to exercise a one-time 30-day extension clause in the SLF stipulations for relief from stay at the cost of $150,000. *See* ECF # 145.

11.     Robertson's father, Gary Robertson, paid the SLF extension fee from his own funds. In connection with payment of the extension fee, Robertson executed an LLC resolution appointing Gary Robertson as CGH's agent to negotiate and consummate a sale of the CGH Property.

12.     On December 5, 2018 the estate's real estate broker obtained a new purchase agreement for sale of the CGH Property. Based on research of the buyers, Mitchell and Phoebe Lipari ("Lipari"), conducted by Landau as part of his management of the bankruptcy matters, the Liparis are highly qualified and Mrs. Lipari is a great-granddaughter of William Randolph Hearst.

13.     Gary Robertson executed the Lipari purchase agreement on behalf of the estate pursuant to the LLC resolution. Escrow was opened on the sale transaction. Landau communicated to Robertson the fact that Landau was prepared to immediately move to shorten time for hearing to approve an auction sale of the CGH Property.

14.     Placer Title Company required that the Exhibit 1 LLC resolution be obtained in notarized form from David Robertson. Landau requested that Robertson immediately re-sign and obtain a notarized LLC resolution. Robertson failed to do so and the sale of the CGH Property fell through.

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 8**

15.     Based on the foregoing, management of the estate became deadlocked. Robertson would not support closing the CGH Property sale although he has appointed Gary Robertson as the sole agent to obtain and consummate the sale. Gary Robertson entered into the Lipari purchase agreement which required immediate action. This contradiction in management positions made it impossible for Landau to carry out his duties as Debtor's counsel, and on December 6, 2018, Landau moved to the within Court to be relieved as counsel. The details of the transaction are set forth in full in the Motion for Order Relieving Counsel; Declaration of Lewis Landau, which was filed in the within Court, on or about December 6, 2018.

16.     As the Firm has not been paid in nearly a year, the terms of our Second LSA are materially in default.

17.     Per our First LSA the Firm was to receive $4,000 monthly as retainer deposits during the course of our representation of Client (See Exhibit A). Due to the fact that the Firm was not duly paid during the summer months, and because the nature and amount of our representation of Robertson had materially changed, the Second LSA was executed with Robertson, wherein the monthly retainer amount was retroactively increased for the months of June, July and August to $25,000 per month. These amounts brought the total amount owed pursuant to the First LSA and the Second LSA to a total of $103,680.00. Payments under each of the First LSA, and the Second LSA, are materially in default as the Firm received only $9,150.00 of the total owed, leaving a balance due of $95,748.64.

18.     During a recent hearing, I was instructed by Robertson to represent to the Court that Robertson was going to obtain new bankruptcy counsel with the intent that the Firm would be relieved as Debtors' counsel.

19.     While the Firm, and its attorneys, are working to find a new bankruptcy counsel referral for Client, we lack the skill and expertise to help Client administer the current Chapter 7 bankruptcy actions. Based on the foregoing, commencing on or about December 6, 2018, the date that Landau moved to the within Court to be relieved as counsel, it has become unreasonably difficult for the Firm, and its attorneys, to effectively carry out our representation of Client. We cannot render effective legal services and provide effective legal advice under such circumstances. With the Chapter 7 bankruptcy matters pending, I, my partner, Shaune B. Arnold, and the Firm, must immediately move to withdraw as counsel.

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 9**

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge and belief.

3        Respectfully submitted this 14th day of January 2019.

4                        **FINNEY ARNOLD, LLP**

5    

6    

7    

8                      Tal C. Finney, Esq.

9                      For Debtors
                       Off the Grid, LLC

10                     Centrally Grown Holdings, LLC
                       Red Mountain Farms, LLC

11   

12   

13   

14   

15   

16   

17   

18   

19   

20   

21   

22   

23   

24   

25   

26   

27   

28   

**AMENDED APPLICATION FOR PAYMENT; MOTION FOR ORDER RELIEVING COUNSEL- 10**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*):

**AMENDED NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS FOR PAYMENT OF COMPENSATION FROM ESTATE; MOTION FOR ORDER RELIEVNG COUNSEL; DECLARATION OF TAL C. FINNEY IIN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)   1/14/2018   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   1/14/2019   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method)  by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Saltzman, US Bankruptcy Court, 255 E Temple Street, Suite 1634, Los Angeles, CA 90012
Per LBR 2091-1(c):
Debtor c/o David Robertson [Dave Robertson <daver@centrallygrown.com>]
UST per Notice of Electronic Filing; No Committee

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2019  Shaune B. Arnold | /s/Shaune B. Arnold |
|---|---|
| Date                  Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# **EXHIBIT A**

## **ORIGINAL LEGAL SERVICES AGREEMENT**

### **(See Next Page)**

# FinneyArnold LLP

**Twenty-Eighth Floor**
**633 West Fifth Street**
**Los Angeles, CA 90071**
**tfinney@falawyers.com**
**C (310) 729-7266**
**sarnold@falawyers.com**
**C (213) 718-3468**

April 12, 2018

**VIA E-MAIL ONLY**
christianfalstrup@gmail.com

Mr. Dave Robertson
2200 Hollyridge Drive
Los Angeles, CA 90068

Re:      Agreement for Legal Services

Dear Mr. Robertson:

Thank you for considering Finney Arnold LLP ("FA") to represent you in to represent and advise you in negotiating and resolving certain real property disputes, and with other matters as they may arrive from time to time. It is our policy, and a rule governing the practice of law in California, to provide an agreement for legal services. This letter will serve as such agreement and will set forth the basic terms of our engagement. This letter is designed and intended to disclose to you and to ensure that you understand the basis of your engagement of FA as attorneys.

## Scope and Assignment of FA's Legal Services.

You have asked FA to provide legal services to you in connection with the matters described in the paragraph above. Opinions about the outcome of a legal matter, if applicable, are our best professional estimates; they are necessarily limited by our knowledge of the applicable facts and the state of the applicable law at the time such opinions are expressed. FA cannot guarantee the results of any investigation, corporate or document review, negotiation or litigation matter. Payment for FA's services is not contingent on the outcome of any matter.

## Estimates or Quotations.

If requested, and when feasible, FA will provide you with an estimate of the cost of our services. When estimates are given, unless otherwise specified, in writing, they are not maximum, or minimum, or fixed quotations. The ultimate cost may be more or less than the

Mr. David Robertson
April 11, 2018
Page 2 of 5

estimate. The accuracy of FA's estimates may vary, depending on facts or circumstances beyond our control, such as the complexity of related issues such as tax and accounting matters, and/or the positions taken by counsel for other parties, for example.

## How We Charge for Legal Services and Our Out-of-Pocket Costs.

The time devoted to the services to be performed by FA on your behalf may include consultations with others (including others in our office), correspondence, meetings, telephone calls, negotiations, factual investigations and analysis, legal research and analysis, document preparation and revision, depositions, court hearings and/or travel away from the office on your behalf, and all other work related to the matters described in the Scope and Assignment section of this letter set forth above. The fees for legal services are based on a monthly retainer amount that shall be Four Thousand Dollars ($4,000.00) per month for the first two months, and then Seven Thousand Five Hundred Dollars ($7,500.00) per month thereafter.

During the course of FA's engagement, we may incur out-of-pocket costs on your behalf. These costs include, but are not necessarily limited to, telephone charges, postage, telecopy, printing and reproduction costs, filing fees, delivery and messenger costs, other advances, and charges by outside consultants, accountants, and legal counsel whom we have hired your behalf. Out-of-pocket costs are itemized, and they appear on our invoices as "costs." We will discuss all major items in advance with you unless circumstances require otherwise.

## Our Standard Billing and Payment Procedures.

FA normally bills on a monthly basis. Payment will be deducted from the balance of any retainer at the time the invoice is finalized. In the event that there are any amounts due to FA and such amounts remain outstanding for more than 30 days, FA reserves the right to charge interest on the unpaid amounts. The present interest rate charged by FA is one percent (1%) per month; however, FA reserves the right to adjust the rate by notice to you if warranted by the circumstances. Under no circumstances will more than the legal rate of interest will be charged. FA reserves the right to file liens for unpaid legal fees on real property that may be the subject of our representation of you.

## Retainer.

Our engagement will commence upon your execution of this letter and its transmission to this office together with deposit of the agreed upon retainer of Four Thousand Dollars and No Cents in United States funds ($4,000.00). We will deposit the retainer amount in our client trust account, and we will bill costs and fees against those funds. Additional amounts due, if any, will be billed per our Standard Billing and Payment Procedures described above. We reserve the right to require deposit of additional retainer amounts as may be deemed necessary during the course of our representation.

Mr. David Robertson
April 11, 2018
Page 3 of 5

**Responsiveness to Questions.**

      FA will perform the legal services called for under this agreement, and any other matters in which this firm may represent you.  FA will keep you informed of progress and developments and will respond to your inquiries and communications.  You and your agents and/or employees will cooperate with FA to the extent necessary to complete the services described in this letter, keep FA reasonably informed of developments and of your current address and telephone numbers, and timely make any payments required by this agreement.

**Termination of Engagement.**

      You may terminate FA's engagement with or without cause on written notice to FA. FA will return all your papers and property in its possession or control immediately upon termination of our engagement. FA will, however, retain its own files. If you wish copies of FA's files, you or your new attorneys can arrange to make copies of all of FA's papers that FA believes, in its discretion, are necessary for continued representation. In such event, you shall be responsible for any additional copying costs. Termination of FA's services will not affect your responsibility to pay for legal services rendered, all out-of-pocket costs incurred up to the date FA receives notice of termination, and any further work required of FA in order to facilitate any orderly turnover of matters in process at the time of termination.

      FA may terminate its engagement by you for any of the reasons permitted under the California Rules of Professional Conduct, including:  failure to pay promptly FA's invoices, misrepresentation of (or failure to disclose) any material facts, action taken contrary to FA's advice, or any other conduct or situation that, in our judgment, impairs an effective attorney-client relationship between us, or presents conflicts with our professional responsibilities.

**Right to Arbitrate.**

      In those rare instances in which there is a dispute with a client, we make every effort to resolve the dispute.  If any fee dispute between us cannot be resolved, you have the right to request arbitration under California Business and Professions Code sections 6200-6206.  In connection with such proceedings, or any resulting litigation, should that occur, the prevailing party shall be entitled to recover their reasonable costs and attorneys' fees incurred, in addition to costs of collection and any damages or other relief awarded.

**Errors and Omissions Insurance.**

      FA hereby discloses to you that we maintain errors and omissions insurance coverage applicable to the legal services to be rendered.

**Complete Agreement.**

      This Agreement sets forth the entire agreement between the parties with regard to the subject matter hereof.  All agreements, covenants, representations and warranties, express and

Mr. David Robertson
April 11, 2018
Page 4 of 5

implied, oral and written, of the parties with regard to the subject matter hereof are contained herein.
No other agreements, covenants, representations or warranties, express or implied, oral or written,
have been made by either party to the other with respect to the subject matter of this Agreement.
All prior and contemporaneous conversations, negotiations, possible and alleged agreements and
representations, covenants, and warranties with respect to the subject matter hereof are waived,
merged herein and therein and superseded hereby and thereby. This is an integrated agreement.

**Warranty of Authority.**

   The Parties hereto, and each and all of them, collectively and individually as to each
said Party, represent and declare that each of the persons executing this Agreement is and will be
empowered and authorized to do so.

**Counterparts.**

   This Agreement may be executed in counterparts, and each counterpart so executed
will be considered an original of this Agreement as to the party executing the same.

**Consent.**

   Please read the above terms carefully and make certain that you understand them.
Unless otherwise agreed to, in writing, by signing below, you consent to the above terms. FA will
render the legal services as agreed, and you will be billed for and will pay for the legal services and
out-of-pocket costs as described above.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]
[SIGNATURE PAGE FOLLOWS.]**

Mr. David Robertson
April 11, 2018
Page 5 of 5


        If the foregoing letter meets with your approval, please countersign and date this
letter in the spaces provided below, and then return the original letter to the undersigned together
with the required retainer fee.   We look forward to a long and mutually beneficial working
relationship.

                                        Very truly yours,


                                        Tal C. Finney, Esq. Of
                                        **FINNEY ARNOLD LLP**


**I HAVE READ AND AGREE TO THE FOREGOING:**

**DAVID ROBERTSON**
**an Individual**


By:   _____
         David Robertson

## **EXHIBIT B**

### **LEGAL SERVICES BILLING STATEMENTS**

**(See Next Page)**

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

## INVOICE

Invoice # 116
Date: 08/04/2018
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

### 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 08/04/2018 | TCF | Legal Fees for  une 2018 | 1.00 | $25,000.00 | $25,000.00 |
| Service | 08/04/2018 | TCF | Legal Fees for  uly 2018 | 1.00 | $25,000.00 | $25,000.00 |

| Time Keeper | Quantity | Rate | Total |
|---|---|---|---|
| Tal Finney | 2.0 | $25,000.00 | $50,000.00 |
| | | **Total** | **$50,000.00** |
| | | **Payment (10/17/2018)** | **-$1,150.00** |
| | | **Balance Owing** | **$48,850.00** |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

# INVOICE

Invoice # 130
Date: 10/18/2018
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

## 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Expense | 08/17/2018 | Document printing for bankruptcy filing | 1.00 | $14.59 | $14.59 |
| Expense | 08/18/2018 | Document printing for Bankruptcy filing | 1.00 | $24.85 | $24.85 |
| Expense | 08/18/2018 | Document printing for bankruptcy filing | 1.00 | $1.35 | $1.35 |
| Expense | 08/18/2018 | Document printing for bankruptcy filing | 1.00 | $6.32 | $6.32 |
| Expense | 08/29/2018 | Document printing for Bankruptcy Filing | 1.00 | $3.74 | $3.74 |
| Expense | 08/29/2018 | Document printing for bankruptcy filing | 1.00 | $4.92 | $4.92 |
| Expense | 08/29/2018 | Document printing for bankruptcy | 1.00 | $26.46 | $26.46 |
| Expense | 08/29/2018 | Document printing for bankruptcy filing | 1.00 | $1.40 | $1.40 |
| Expense | 08/29/2018 | FedE  mailing costs for D. Robertson Bankruptcy filings. | 1.00 | $128.54 | $128.54 |
| Expense | 08/30/2018 | DocuSign Subscription for Dave Robertson to sign filings | 1.00 | $15.00 | $15.00 |
| Expense | 10/18/2018 | Document printing for bankruptcy filing | 1.00 | $4.04 | $4.04 |
| Expense | 10/18/2018 | Document printing for bankruptcy filing | 1.00 | $1.35 | $1.35 |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| | | Total | $232.56 |

Please make all amounts payable to: Finney Arnold LLP

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

# INVOICE

Invoice # 147
Date: 01/10/2019
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413, CA 91413

## 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|------|------|----------|-------|----------|------|-------|
| Service | 09/01/2018 | TCF | Legal Fees for August 2018 | 62.50 | $400.00 | $25,000.00 |

| Time Keeper | Quantity | Rate | Total |
|-------------|----------|------|-------|
| Tal Finney | 62.5 | $400.00 | $25,000.00 |
| | | **Total** | **$25,000.00** |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

# Finney Arnold LLP

633 W. 5th Street, 28th Floor
Los Angeles, CA 90071

**INVOICE**

Invoice # 148
Date: 01/10/2019
Due Upon Receipt

Dave Robertson
P.O. Box 57905
Sherman Oaks, CA 91413

## 225-00003-Dave Robertson

## Legal fees performed and expenses associated with negotiating, filing and resolving Bankruptcy issues associated with various properties in Santa Barbara County.

### Services

| Type | Date | Attorney | Notes | Quantity | Rate | Total |
|------|------|----------|-------|----------|------|-------|
| Service | 09/12/2018 | TCF | Reviewed, analyzed, and responded to correspondence re bankruptcy filings | 0.90 | $400.00 | $360.00 |
| Service | 09/13/2018 | TCF | Reviewed and analyzed correspondence re Chapter 11 bankruptcy, followed up re same | 0.80 | $400.00 | $320.00 |
| Service | 09/17/2018 | SBA | Reviewed and analyzed correspondence in preparation for conference call, followed up re same | 0.60 | $400.00 | $240.00 |
| Service | 09/17/2018 | TCF | Reviewed and analyzed court notices re Chapter 11 bankruptcy, scanned and forwarded to the group. | 1.90 | $400.00 | $760.00 |
| Service | 09/21/2018 | SBA | Reviewed and analyzed court notices re Chapter 11 Bankruptcy, scanned notices from court and emailed to Lewis and team | 1.80 | $400.00 | $720.00 |
| Service | 09/25/2018 | SBA | Preparation and travel to Creditor's meeting in Santa Barbara; Client requested attorney not to attend the morning of the hearing, post attorney prep, travel and lodging. | 8.00 | $400.00 | $3,200.00 |
| Service | 10/02/2018 | TCF | Reviewed correspondence re updates on Chapter 11 Bankruptcy, follow up conferences and developed strategy re same | 1.20 | $400.00 | $480.00 |
| Service | 10/09/2018 | SBA | Reviewed, analyzed, and responded to email from Brian Fittipaldi, providing our | 0.50 | $400.00 | $200.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | written LSA and confirming prior payments made by debtors and no CRO services provided | | | |
| Service | 12/03/2018 | TCF | Reviewed and analyzed court notices re Chapter 11 Bankruptcy, followed up with client and Co-Counsel, developed strategy re same | 1.10 | $400.00 | $440.00 |
| Service | 12/04/2018 | TCF | Conferences with client, potential lenders, and team re potential loan restructuring in conjunction with Chapter 11 Bankruptcy | 1.20 | $400.00 | $480.00 |
| Service | 12/07/2018 | TCF | Conferences and correspondence with client, potential lenders and trustee re potential Debtor-in-Possession financing, developed legal strategy re same | 2.80 | $400.00 | $1,120.00 |
| Service | 12/08/2018 | TCF | Conferences and correspondence with client and potential lenders re potential DIP financing, followed up re same | 3.50 | $400.00 | $1,400.00 |
| Service | 12/08/2018 | TCF | Conferences, correspondence, and draft offer with potential lender re resctructuring of financing and potential purchase of property, followed up with client re same | 2.90 | $400.00 | $1,160.00 |
| Service | 12/09/2018 | TCF | Conferences, correspondence, and draft offer with chief creditor in Chapter 11 Bankruptcy re restructuring of financing, followed up with client re same. | 1.80 | $400.00 | $720.00 |
| Service | 12/09/2018 | TCF | Reviewed and analyzed research, and prepared for court hearing on conversion to Chapter 7 Bankruptcy, developed strategy re same | 4.20 | $400.00 | $1,680.00 |
| Service | 12/10/2018 | TCF | Final preparation for and appearance in U.S. Bankruptcy Courty in conjunction with motion to convert Chapter 11 Bankruptcy to Chapter 7 Bankruptcy, followed up with client and team and developed further legal strategy in response to Court's ruling to convert | 7.20 | $400.00 | $2,880.00 |
| Service | 12/11/2018 | TCF | Correspondence with client and counsel to targeted potential loan refinancier/ purchaser of client's properties, developed strategy in response thereto | 0.80 | $400.00 | $320.00 |
| Service | 12/12/2018 | TCF | Correspondence with client re need to retain bankruptcy counsel and related legal issues | 0.40 | $400.00 | $160.00 |
| Service | 12/14/2018 | TCF | Reviewed and analyzed executed version of LOI for potential loan with Kennedy Financial, subject to the court's approval for | 1.60 | $400.00 | $640.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | use of funds and loan terms; conferences with client and potential buyer/lender re acquisition of properties or refinance of same in context of bankruptcy | | | |
| Service | 12/15/2018 | TCF | Reviewed correspondence re updates on Robertson bankruptcy and relevant financial points for Trustee from client; follow up conferences with potential lender/buyer of properties in bankruptcy, developed strategy re same | 1.30 | $400.00 | $520.00 |
| Service | 12/16/2018 | TCF | Reviewed and responded to correspondence from prospective purchaser of Robertson properties re bankruptcy issues | 0.40 | $400.00 | $160.00 |
| Service | 12/17/2018 | TCF | Reviewed and responded to correspondence from prospective purchaser of Robertson properties re bankruptcy issues and from client re legal strategy for scheduled sale of property by Trustee | 0.40 | $400.00 | $160.00 |
| Service | 12/18/2018 | TCF | Reviewed and responded to correspondence from client re the sale of the Exotic Gardens property and proposed sale of remaining Cambria assets | 0.50 | $400.00 | $200.00 |
| Service | 12/20/2018 | TCF | Reviewed and analyzed additional corresdondence from client re sale of assets in Chapter 7 Bankruptcy by Trustee | 0.40 | $400.00 | $160.00 |
| Service | 12/28/2018 | TCF | Correspondence and conferences with client re bankruptcy litigation and proposed motions in conjunction with same | 0.70 | $400.00 | $280.00 |
| Service | 01/02/2019 | TCF | Researched, reviewed, and analyzed litigation checklist in conjunction with Creditor's Meeting in Chapter 7 Bankruptcy case scheduled for 1/14/2019 | 2.80 | $400.00 | $1,120.00 |
| Service | 01/11/2019 | TCF | Followed up with consulting team to client re litigation checklist in conjunction with Creditor's Meeting in Chapter 7 Bankruptcy case scheduled for 1/14/2019 | 0.80 | $400.00 | $320.00 |
| Service | 01/11/2019 | TCF | Additional follow up with consulting team to client re preparation for and attendance at Creditor's Meeting on 1/14/2019 | 1.20 | $400.00 | $480.00 |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 01/11/2019 | Travel costs associated with visits to Santa Barbara | 1.00 | $970.11 | $970.11 |

Invoice # 148 - 01/10/2019

and Cambria for meetings and court hearings

Expense    01/11/2019    Printing costs associated with Bankruptcy case filings        1.00      $15.97      $15.97

| Time Keeper | Quantity | Rate | Total |
|---|---|---|---|
| Shaune Arnold | 10.9 | $400.00 | $4,360.00 |
| Tal Finney | 40.8 | $400.00 | $16,320.00 |
| | | **Total** | **$21,666.08** |

Please make all amounts payable to: Finney Arnold LLP

Payment is due upon receipt.

1

## <u>EXHIBIT C</u>

2

## SECOND LEGAL SERVICES AGREEMENT

3

**(See Next Page)**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF APPLICATION AND APPLICATION OF ATTORNEY FOR DEBTORS
FOR PAYMENT OF COMPENSATION FROM ESTATE**

DocuSign Envelope ID: ACD7FE9A-AFE1-4C10-97EB-7864F4EE7AFB

# FinneyArnoldLLP

**Twenty-Eighth Floor**
**633 West Fifth Street**
**Los Angeles, CA 90071**
**tfinney@falawyers.com**
**C (310) 729-7266**
**sarnold@falawyers.com**
**C (213) 718-3468**

August 1, 2018

<u>**VIA E-MAIL ONLY**</u>
323dave@gmail.com

Mr. Dave Robertson
2200 Hollyridge Drive
Los Angeles, CA 90068

Re:    <u>Agreement for Legal Services</u>

Dear Mr. Robertson:

Thank you for considering Finney Arnold LLP ("FA") to represent you in to represent and advise you in negotiating and resolving certain real property disputes, and with other matters as they may arrive from time to time. It is our policy, and a rule governing the practice of law in California, to provide an agreement for legal services. This letter will serve as such agreement and will set forth the basic terms of our engagement. This letter is designed and intended to disclose to you and to ensure that you understand the basis of your engagement of FA as attorneys.

**Scope and Assignment of FA's Legal Services.**

You have asked FA to provide legal services to you in connection with the matters described in the paragraph above. Opinions about the outcome of a legal matter, if applicable, are our best professional estimates; they are necessarily limited by our knowledge of the applicable facts and the state of the applicable law at the time such opinions are expressed. FA cannot guarantee the results of any investigation, corporate or document review, negotiation or litigation matter. Payment for FA's services is not contingent on the outcome of any matter.

**Estimates or Quotations.**

If requested, and when feasible, FA will provide you with an estimate of the cost of our services. When estimates are given, unless otherwise specified, in writing, they are not maximum, or minimum, or fixed quotations. The ultimate cost may be more or less than the

## EXHIBIT F

**COURT ORDER ON APPLICATON FOR PAYMENT
AND MOTION TO BE RELIEVED AS COUNSEL**

**(See Next Page)**

1

2

3

4

5

6

7

<div style="border:1px solid #000; text-align:center;">

FILED & ENTERED

JAN 18 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ortiz      DEPUTY CLERK

</div>

8          UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10              NORTHERN DIVISION

11  In re:                                   Case No. 9:18-bk-11352-DS

12  OFF THE GRID, LLC,                       Chapter 7

13                          Debtor.          Jointly Administered with
                                             Case No. 9:18-bk-11353
14  In re:                                   Case No. 9:18-bk-11354

15  CENTRALLY GROWN HOLDINGS, LLC,

16                          Debtor.          **ORDER DENYING APPLICATION OF
                                             ATTORNEY FOR DEBTORS FOR
17  In re:                                   PAYMENT OF COMPENSATION FROM
                                             ESTATE AND MOTION FOR ORDER
18  RED MOUNTAIN FARMS, LLC,                 RELIEVING COUNSEL**

19                          Debtor.

20
    ☒    Affects All Debtors
21

22          On January 14, 2019, Finney Arnold LLP ("Finney Arnold") filed an "Amended

23  Notice of Application and Application of Attorney for Debtors for Payment of Compensation

24  from Estate; Motion for Order Relieving Counsel; Declaration of Tal C. Finney in Support

25  Thereof" (the "Motion," Docket No. 216).  By the Motion, Finney Arnold seeks orders of this

26  court directing the payment of compensation totaling $95,748.64 from the estates of the

27  above-named debtors (collectively, the "Debtors") and giving Finney Arnold leave to

28  withdraw as counsel to the Debtors.

1        The Motion asserts that "[d]uring the months of April through August 2018," Finney

2    Arnold billed $103,680 for "regulatory, corporate and bankruptcy legal services," of which

3    $95,748.64 remains unpaid.  The Motion uses the defined term "Client" to describe the

4    client for which Finney Arnold performed services, and defines that term as including not

5    only the Debtors, but also their principal, David Robertson.  The Motion attaches copies of

6    two engagement letters dated April 12, 2018 and August 1, 2018 (the "Engagement

7    Letters," Exhibits A and D, respectively[1]), both addressed only to and signed only by Mr.

8    Robertson, without reference to any of the Debtors.  The Motion also attaches an email

9    purportedly from Mr. Robertson to members of Finney Arnold asserting that "retainers or

10    ongoing services were terminated by me personally as well as all LLC's under common

11    ownership.  Any work moving forward would be done on a per diem basis with a PO#, or a

12    new agreement."

13        The Motion attaches two documents (together as Exhibit B) as evidence of the fees

14    and costs incurred.  The first is a document titled "Dave Robertson Fee and Expense

15    Breakdown."  Based on the declaration of Tal C. Finney and the Engagement Letters, this

16    document reflects monthly retainers billed to Mr. Robertson in a total amount of $83,000

17    for April through August 2018, and hourly legal fees of $20,680 "incurred from 9/12/18 to

18    Present."  The second is an invoice dated January 10, 2019 for the $20,680 in fees

19    incurred from September 12, 2018 through January 11, 2019.  The invoice also shows

20    expenses of $970.11 for travel costs for "meetings and court hearings" and of $15.97 for

21    printing costs "associated with bankruptcy case filings."  Both expense amounts are dated

22    January 11, 2019, although they presumably reflect expenses incurred on multiple dates

23    prior to that date.  The "Dave Robertson Fee and Expense Breakdown" document reflects

24    payments of $8,000 received on May 17, 2018 and $1,150 received on October 17, 2018,

25    while the invoice reflects payments of $500 on August 4, 2018 and $650 on August 9,

26    2018, which appear to have been applied from the client trust account in the total amount

27    of $1,150 on October 17, 2018.

28

---

[1] While the Motion introduces each exhibit with "true and correct copy" language, none of the exhibits to the
Motion are authenticated by the Declaration of Tal C. Finney.

1   Inasmuch as the Motion constitutes a request by Finney Arnold for compensation

2   pursuant to the Code, the Federal Rules of Bankruptcy Procedure, and this court's Local

3   Bankruptcy Rules, the defects in that request are too substantial and numerous to set forth

4   in full here, but the court will attempt to set forth the most significant reasons why the

5   requested compensation cannot be approved by the court.

6   Finney Arnold has never requested, much less received, the court's approval to be

7   employed by the Debtors pursuant to § 327.  The Debtors employed Lewis R. Landau as

8   their general bankruptcy counsel in these cases, with the court's approval.

9   There is no basis for this court to approve any compensation by any professionals

10  incurred other than for services that were reasonably likely to benefit the Debtors' estates.

11  There is no basis for the court to approve compensation dating back several months

12  before these jointly administered cases were filed.  There is no basis for this court to

13  approve compensation for services performed for the benefit of the Debtors' principal.

14  There is no basis for this court to approve compensation for unspecified services billed

15  under a monthly flat-fee retainer agreement.  There is nothing in the Motion establishing,

16  as is a fee applicant's burden, Finney Arnold's entitlement to any of the compensation

17  sought from the Debtors' estates.

18  Finney Arnold has made no appreciable effort to comply with the requirements of an

19  application for compensation pursuant to Rule 2016 of the Federal Rules of Bankruptcy

20  Procedure, LBR 2016-1, or the guidelines issued by the Office of the United States

21  Trustee.  Billings up to September 12, 2018 are unsupported by any timekeeping records.

22  Among other deficiencies, time entries on the invoice starting on September 12, 2018 have

23  lumped time for services and fail to describe the services in sufficient detail for the court to

24  conduct the required evaluation of professional services.  The expenses set forth on the

25  invoice are not itemized, but rather appear to be lumped into one description, regardless of

26  the date or reason each expense was incurred.  There is no separately filed declaration of

27  the Debtors indicating that the Motion was reviewed and that they have no objection to it,

28

1    nor any declaration from Finney Arnold describing steps taken to obtain such a

2    declaration.

3         To the extent Finney Arnold was serving as counsel to the Debtors, and not to Mr.

4    Robertson, and even if the firm's employment at estate expense had been approved by

5    this court, from the August 17, 2018 petition date to the December 11, 2018 date of

6    conversion to chapter 7, Finney Arnold would have been serving as counsel to chapter 11

7    debtors.  Therefore, in addition to the manifest deficiencies in Finney Arnold's request for

8    compensation, even if Finney Arnold held an allowed administrative expense as counsel to

9    the chapter 11 debtors, pursuant to § 726(b), any allowed administrative expenses

10   incurred after conversion of these cases have priority over allowed administrative

11   expenses incurred while these cases were pending under chapter 11.  With respect to fees

12   and expenses incurred after conversion of these cases, there is no basis to conclude that

13   any such compensation could be allowed at estate expense, as the Motion offers no

14   argument or evidence upon which the court could conclude that services performed by

15   counsel to the Debtors in chapter 7 were for the benefit of the Debtors' bankruptcy estates

16   and not for the benefit of the Debtors themselves (or their principal).

17        The Motion also requests that Finney Arnold be permitted to withdraw as counsel

18   for Robertson and the Debtors.[2]  It is not clear to the court that leave is required for Finney

19   Arnold to withdraw from representation of Mr. Robertson in these cases pursuant to LBR

20   2091-1, as it is not apparent that Finney Arnold has made any appearance in these cases

21   on behalf of Mr. Robertson.  With respect to the Debtors, and to the extent Finney Arnold

22   did appear in this case in its capacity as counsel to Mr. Robertson, no evidence is offered

23   of the consent of Robertson or any of the Debtors to the firm's withdrawal.  Accordingly, a

24   motion for withdrawal must comply with the provisions of LBR 2091-1 for withdrawal

25   without consent.  The proof of service attached to the Motion does not reflect any service

26   of the Motion on the Debtors, except e-mail service to "Debtor c/o David Robertson."

27   There is no evidence before the court that the Debtors have consented in writing to e-mail

28

[2] The court notes that, in this request, Finney Arnold again acknowledges, as reflected in the Engagement
Letters, that it represents the Debtors' principal individually.

1  service, as required by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, and the

2  court is aware of no other rule allowing e-mail service of counsel's motion to withdraw.  In

3  addition, there is nothing in the Motion indicating that Finney Arnold gave notice to its

4  corporate clients of the consequences of appearing without counsel, as required by LBR

5  2091-1(d).

6          For the foregoing reasons,

7          IT IS HEREBY ORDERED that the Motion is denied in its entirety.

8                                                                   ###

Date: January 18, 2019

Deborah J. Saltzman
United States Bankruptcy Judge

Barry Purchase
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


Barry Purchase
c/o Gregory Connell et al
412 Marsh Street
San Luis Obispo, CA 93401


Clearbanc
548 Market Street Unit 68100
CA 93470


Gary Robertson
8 Indian Pipes
Trabuco Canyon, CA 92678


Larry and Victoria Schmidt
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


Mauricio Lopez
2891 Buckingham Place
Cambria, CA 93428


Placer Foreclosure, Inc.
12190 Herdal Drive Suite 9
Auburn, CA 95603


Rose, Synder & Jacobs
15821 Ventura Blvd Suite 490
Encino, CA 91436

San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


San Luis Financial Inc
c/o Beall & Burkhardt APC
1114 State Street Suite 200
Santa Barbara, CA 93101


SLOCTC
1055 Monterey Street Rm D290
San Luis Obispo, CA 93408


Tte of Bunker Family Trust
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


Tte of Connors Revoc Trust
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


Tte of Guldman Family Trust
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401


Tte of John Keese Family Trust
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401

Tte of Paradise R.E. 401K Trust
c/o San Luis Financial Inc
1204 Nipomo Street
San Luis Obispo, CA 93401

Andy Poteete
1991 Noel Way
San Simeon, CA 93452


Central Coast Propane
P.O. Box 3152
Paso Robles CA


Clearbanc
Attica HQ
Attica, OH 44807


Ecotones
ATTN: Greg Frugoli
P.O. Box 1179
Cambria, CA 93428


Mauricio Lopez
7432 Exotic Gardens Drive
Cambria, CA 93428


San Luis Financial
1204 Nipomo Street
San Luis Obispo, CA 93401


Tom Cusmano
4944 Meadow Lark
Paso Robles, CA 93446


Craig Marguiles, Esq.
Marguiles Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

Bruce Leak
9620 Red Mountain Road
Cambria, CA 93428


San Luis Financial
1204 Nipomo Street
San Luis Obispo, CA 93401


San Luis Obispo Assessor
1055 Monterey Street
San Luis Obispo, CA 93408